UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

FEDERAL DEPOSIT
INSURANCE CORPORATION
AS RECEIVER FOR VALLEY
BANK,

    Plaintiff,

v.

FRANCIS J. COYLE JR and
DAWN D. COYLE,

    Defendants.

Case No. 4:14-cv-04078-SLD-JEH

## ORDER

Before the Court is an Affidavit, ECF No. 27, and a Certificate of Prove Up, ECF No. 29, to supplement a Motion for Attorney Fees and Costs filed by Plaintiff Federal Deposit Insurance Corporation as Receiver for Valley Bank ("FDIC-R") against Defendants Francis and Dawn Coyle. For the following reasons, the Court approves Plaintiff's request for attorneys' fees and costs to supplement the Court's previous grant of partial summary judgment against the Coyles on March 31, 2017, ECF No. 26.

## BACKGROUND

After their failure to make payments on a 2007 Note and Mortgage on their home in Rock Island, IL, Francis and Dawn Coyle engaged in a long running dispute with the FDIC-R as the latter sought foreclosure on the home. On March 31, 2017, the Court entered an Order granting partial summary judgment for the FDIC-R, but denying the motion for attorney fees, costs, and expenses because the FDIC-R provided no information regarding the reasonableness of the requested amounts. Mar. 31, 2017 Order 8. The Court requested "an affidavit and/or

1

documentation" attesting that information, *id.* at 9, which the FDIC-R provided in the form of an affidavit submitted by counsel, including billing rates and itemized billing records. *See* Joseph Creen and Michael Koury Aff., ECF No. 27. Additionally, in its March 31 Order, the Court directed the FDIC-R to submit a proposed order consistent with its ruling, and the FDIC-R complied. *See* Notice Proposed J. Foreclosure, ECF No. 28.

## DISCUSSION

In the Motion for Summary Judgment, ECF No. 10, the FDIC moved to enforce the terms of the Note and Mortgage, which provide that the FDIC, as receiver of the bank, may collect attorneys' fees for the "costs and expenses in enforcing [the] Note" including "reasonable attorneys' fees." Note, Mot. Summ. J. Ex. A-1, ECF No. 10 at 17. At the direction of the Court, the FDIC-R supplemented its initial motion for attorneys' fees with more detailed information, which the Court now considers.

> In determining the reasonableness of fees incurred in a foreclosure action, Illinois courts consider a variety of factors, including the skill and standing of the attorneys employed, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation.

*In re McMullen*, 273 B.R. 558, 562 (Bankr. C.D. Ill. 2001)

Attorney's fees are calculated using a "lodestar" method that allows a court to award "the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). In a petition to seek attorney's fees, the fee applicant must produce "satisfactory evidence" that his rates are reasonably derived from the market rates for similar work done by attorneys in the community. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 647 (7th Cir. 2011). If the fee applicant fails

to present such evidence, "the district court has the authority to make its own determination of a reasonable rate." *Id.* at 640.

The FDIC has moved for an award of attorney's fees totaling $46,869.25. Aff. ¶ 2. This foreclosure case took four years to resolve, required work on more complex legal issues than the average foreclosure due to the FDIC's receivership of Valley Bank, and involved lengthy avoidance of discovery and requests for extension of time on the part of the defendants; for those reasons, the fees at issue here far exceed those of a typical foreclosure case. Counsel's affidavit attests that the fees charged are reasonable, customary in the area, and necessary to perform the services rendered. *Id.* at ¶ 7. FDIC counsel reports that the attorneys on the case—all partners at a law firm—billed at a rate of $215 an hour in 2013 and then $250 an hour between 2014 and 2017. *Id.* at ¶ 2. The affidavit does not contain any information about the comparative reasonableness in the community of the rates charged by counsel, so the Court must determine on its own what is deemed a reasonable rate. This Court previously approved a lodestar rate of $300 per hour, charged by partner-level attorneys in a case of comparable complexity involving collection on a judgment. *See DirecTV, LLC v. Preston*, 2017 WL 2192966, at *3 (C.D. Ill. May 18, 2017) (awarding $300 for partner work and $200 for associate work to collect a judgment in the Central District of Illinois). For this reason, the rates ranging between $215 and $250 per hour for partner work appear to be reasonable. In counsel's affidavit, the legal services are itemized in great detail by the service performed, the attorney providing the service, and the rate charged, and the Court finds no errant or unreasonable expenditure in its review of the time entries. The Court awards the requested $46,869.25 in attorneys' fees.

3

The itemized foreclosure costs, including title expenses, court costs, process service, and other costs, totaling $1,260.87 are reasonable in the eyes of this Court and may be assessed in the judgment.  *See In re McMullen*, 273 B.R. at 563.

## CONCLUSION

Based on the foregoing, Plaintiff's attorneys' fees, expenses, and court costs are GRANTED and may be added to the final money judgment in the amount of $48,130.12.

Entered July 19, 2017.

                                                                           s/ Sara Darrow
                                                                           SARA DARROW
                                                     UNITED STATES DISTRICT JUDGE